IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEANDRE THOMPSON, No. 30324-044,**

       Petitioner,                      CIVIL NO. 11-cv-137-DRH

vs.

**W. A. SHERROD,**

       Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This case is before the Court on petitioner's writ of habeas corpus pursuant to 28 U.S.C. §2241 (Doc. 1). Petitioner filed this petition on June 9, 2009 (under original Case No. 09-cv-436), while he was an inmate in the Federal Correctional Institution in Greenville, Illinois, to challenge the calculation of his sentence credit by the Federal Bureau of Prisons (BOP) for time he spent in custody before his federal sentence was imposed. Since the petition was filed, this action has followed a circuitous route through the courts. After the respondent filed his response, the case was transferred to the Western District of Louisiana (Doc. 13), where petitioner

was then incarcerated. However, the Western District of Louisiana transferred the case back to this Court on February 15, 2011 (Doc. 15), after finding that jurisdiction was proper in this District at the time the petition was filed, and that the Western District of Louisiana did not have jurisdiction to entertain the petition.

Now, upon review of the case, it has come to the attention of the Court that petitioner was released from custody on May 13, 2011. Inmate Locator Main Page, Website of the Federal Bureau of Prisons, www.bop.gov/iloc2/LocateInmate.jsp (Inmate Reg. No. 30324-044; last visited Aug. 26, 2011). Based on this development, the Court must dismiss the petition as moot.

After release of a habeas petitioner from prison, the Court must address whether the petition still presents a case or controversy after the petitioner's release. Any petitioner who files his petition for habeas corpus relief while he is incarcerated is in custody within the meaning of the federal habeas corpus statues. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). This remains true even after an inmate is released. *See Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004) ("[i]t has long been established that "custody" does not require physical confinement"); *Phifer v. Clark*, 115 F.3d 496, 500 (7th Cir. 1997). Petitioners are therefore in custody when they are no longer confined by prison walls but are nevertheless serving a sentence that "involve[s] significant restraints on [their] liberty," such as a person on supervised release. *Jones v. Cunningham*, 371 U.S. 236, 242 (1963). Petitioner was incarcerated at FCI-Greenville when he filed this petition and the Court assumes that he is on supervised release; therefore, he is "in custody" for the purposes of his

habeas petition. *U.S. v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001); *Spencer*, 523 U.S. at 7.

The issue before the Court is therefore not whether the petition is moot because petitioner is no longer incarcerated, but whether there remains a case or controversy this Court can resolve. *See Spencer*, 523 U.S. at 7 (noting "[t]he more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2 of the Constitution."). Article III of the U.S. Constitution requires that judicial resources be reserved for those claims that present a live case or controversy. *A.M. v. Butler,* 360 F.3d 787, 790 (7th Cir.2004) (discussing *Spencer,* 523 U.S. at 7 (noting the "case or controversy requirement subsists through all stages of federal judicial proceedings.")). Thus, where a federal court cannot provide a petitioner with effective relief, the case must be dismissed as moot. *Butler,* 360 F.3d at 790; *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (federal courts do not have the power "to decide questions that cannot affect the rights of litigants in the case before them."); *Spencer,* 523 U.S. at 7; *D.S.A. v. Circuit Court Branch 1*, 942 F.2d 1143, 1146, n. 2 (7th Cir. 1990); *Handy v. Schwartz,* 2009 WL 35190, *1 (S.D. Ill. Jan. 5, 2009) (noting a case is moot "when the Court can offer no relief because the harm is done and cannot be undone . . . [and] the Court no longer has jurisdiction to hear it.**")**. Thus, in the habeas corpus context, a petitioner who is released from custody may continue to seek the writ only if the Court can offer relief because "collateral consequences-lingering disabilities or burdens" exist. *D.S.A.,* 942

F.2d at 1146.

Collateral consequences may include infringements on the rights to vote, serve on a jury, or hold public office. *Handy,* 2009 WL 35190 at *1 (discussing *Carafas v. La Vallee,* 391 U.S. 234 (1958)). Collateral consequences are presumed to exist when a petitioner's habeas petition challenges his underlying criminal conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004). Courts do not apply this presumption to petitions where a released petitioner does not challenge his underlying criminal conviction but instead challenges the calculation of his sentence, because in that instance, collateral consequences are not likely. *Handy,* 2009 WL 35190 at *1; *Weiss v. Ind. Parole Bd.,* 230 F. App'x 599, 600 (7th Cir. 2007) (noting "no similar presumption extends to sentencing determinations"). In fact, unless there are collateral consequences at issue that can be addressed by a habeas corpus proceeding, a challenge to a released petitioner's sentence is moot. *Morningstar v. Hathaway,* 2008 WL 3461621, *1 (S.D. Ill. 2008) (discussing *Spencer,* 523 U.S. at 7).

Petitioner must demonstrate that collateral consequences exist that keep his petition alive after his release from custody. *See Morningstar,* 2008 WL 3461621 at *1 (noting the "petitioner bears the burden of proving that such collateral consequences exist"). No such collateral consequences are apparent from a review of the instant petition. Thus, the Court must conclude that there is no longer a case or controversy, and Petitioner's habeas petition is moot.

Accordingly, the Court DISMISSES as moot the petition for writ of habeas

corpus (Doc. 1).  The Clerk is **DIRECTED** to enter judgment reflecting the same.

    **IT IS SO ORDERED.**

    **DATED:   September 2, 2011**

Digitally signed by
David R. Herndon
Date: 2011.09.02
11:23:37 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT OURT**